IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JOSE ANGEL LANDEROS, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-01-169 |
| | § | |
| JANIE COCKRELL, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| INSTITUTIONAL DIVISION | § | |
| Respondent. | § | |

**RESPONDENT COCKRELL'S MOTION TO DISMISS PURSUANT TO
28 U.S.C. § 2244(d) WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Janie Cockrell, Director, Texas Department of Criminal Justice, Institutional Division, respondent ("Director"), by her attorney, the Attorney General of Texas, and files this Respondent Cockrell's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) with Brief in Support. In support thereof, the Director would show the court the following:

I.

JURISDICTION

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

II.

DENIAL

The Director denies every allegation of fact made by petitioner ("Landeros"), except those supported by the record and those specifically admitted in this motion.

III.

STATEMENT OF THE CASE

The Director has lawful custody of Landeros pursuant to a judgment and sentence of the 197th District Court of Cameron County, Texas, in cause number 90-CR-346-C. *Ex parte Landeros*,

Application No. 48,550-01, at 53. Landeros pleaded guilty to the felony offense of murder, he was found guilty, and on June 28, 1990, the court assessed punishment of thirty-five years imprisonment. *Id.* at 53. Further, Landeros did not file a direct appeal. *See Ex parte Landeros*, at 35. Moreover, he has filed two state applications for writ of habeas corpus. Landeros filed his first state writ application in the district court on December 28, 2000, and on March 14, 2001, the Texas Court of Criminal Appeals denied it without written order. *Ex parte Landeros*, No. 48,550-01, at cover, 1. He filed his second state writ application in the district court on June 5, 2001, and on August 15, 2001, the Texas Court of Criminal Appeals dismissed it for abuse of the writ. *Ex parte Landeros*, No. 48,550-02, at cover, 1. Landeros is challenging the validity of his holding conviction in the instant petition. Federal petition at 2.

## IV.

## PETITIONER'S ALLEGATIONS

The Director understands Landeros's allegations to be as follows:[1]

1. He was denied the effective assistance of counsel at trial.

2. The plea bargain was obtained by the use of a coerced confession.

3. His arrest was illegal.

4. His right against self-incrimination was violated.

5. The prosecution failed to disclose evidence favorable to him.

6. His sentence was illegal.

7. The indictment was defective.

## V.

## STATE COURT RECORDS

The records of Landeros's state writ applications will be forwarded to the court under separate cover.

---

[1] Federal petition at 7-8, attached pages.

## VI.

## EXHAUSTION

At this time, resolution of the exhaustion requirement is not necessary pending the court's resolution of the instant motion to dismiss. However, should this court deny the Director's motion to dismiss, the Director reserves the right to address whether Landeros has exhausted his state court remedies.

## VII.

## MOTION TO DISMISS PURSUANT TO 28 U.S.C. § 2244(d)

On April 24, 1996, the President signed amendments to the federal habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Landeros filed the instant federal petition for writ of habeas corpus no sooner than September 13, 2001;[2] therefore, his petition is subject to review under the amendments. *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997). As it relates to this motion to dismiss, the AEDPA provides that:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system). Thus, the instant petition could not have been "filed" sooner than September 13, 2001, the date Landeros placed it in the prison mail system. Federal petition at 9.

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 2001).

The record does not reflect that any unconstitutional "State action" impeded Landeros from filing for federal habeas corpus relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Also, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Furthermore, Landeros has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final. 28 U.S.C. § 2244(d)(1)(D). Accordingly, the latest date, the date the limitations period should begin to run, is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). In this case, Landeros's conviction became final when the time for filing a notice of appeal expired, thirty days after the sentence was imposed, on July 30, 1990.[3] TEX. R. APP. P. 4.1(a), 26.2(a)(1).

In cases such as this, where the petitioner's conviction became final prior to the enactment of the AEDPA, the Fifth Circuit has held that a petitioner must be given a reasonable time after the enactment of the AEDPA to get federal litigation underway. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091, 119 S. Ct. 846 (1999); *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). According to the Fifth Circuit, a reasonable time is a one-year period to begin on April 24, 1996, the date of the enactment of the AEDPA. *Flores*, 135 F.3d at 1006; *Flanagan*, 154 F.3d at 200. The Fifth Circuit has also held that the tolling provision contained in 28 U.S.C. § 2244(d)(2) applies to the reasonable time grace period. *Fields v. Johnson*, 159 F.3d 914,

---

[3] Formerly Rules 5 and 41 of the Texas Rules of Appellate Procedure.

4

916 (5th Cir. 1998). In this case, the one-year grace period began to run with the effective date of the AEDPA, on April 24, 1996, and it closed on April 24, 1997. *See Flanagan*, 154 F.3d at 202. Landeros's first and second state writ applications, not filed until December 28, 2000 and June 5, 2001, after the one-year period had expired, had no tolling effect. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1498 (2001). Accordingly, Landeros's federal petition, filed no sooner than September 13, 2001, was over four years (almost fifty-three months) late. This court, therefore, should dismiss Landeros's petition pursuant to the one-year statute of limitations contained in 28 U.S.C. § 2244(d).

WHEREFORE, PREMISES CONSIDERED, the Director prays that this court grant this motion, deny Landeros any relief, and dismiss the petition with prejudice.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

*Attorney in Charge

\*BROOKS MOORE
Assistant Attorney General
State Bar No. 24010246
Southern District Bar No. 24680

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To: Jose Angel Landeros, petitioner, you are hereby notified that the undersigned attorney will bring the foregoing motion before the court as soon as the business of the court will permit.

_____
BROOKS MOORE
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Brooks Moore, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Cockrell's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) with Brief in Support has been served by placing same in the United States mail, postage prepaid, on this the 27th day of November, 2001, addressed to:

Jose Angel Landeros,
TDCJ-ID No. 556983
Smith Unit
1313 County Road 19
Lamesa, Texas 79331-1898

_____
BROOKS MOORE
Assistant Attorney General

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *JOSE ANGEL LANDEROS,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. B-01-169 |
| | § | |
| *JANIE COCKRELL, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF* | § | |
| *CRIMINAL JUSTICE,* | § | |
| *INSTITUTIONAL DIVISION* | § | |
| Respondent. | § | |

## ORDER

On this day came before the court for consideration Respondent Cockrell's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) and the court after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is hereby ORDERED, ADJUDGED, and DECREED that Respondent Cockrell's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) is hereby GRANTED.

SIGNED this _____ day of _____, 2001.

_____
JUDGE PRESIDING