IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

DEC 27 2001

Michael N. Milby
Clerk of Court

Jose Angel Landeros,          *
        Petitioner            *

v.                            *  Civil Action No. B-01-169

Janie Cockrell, Director,     *
Texas Department of
Criminal Justice, Institutional  *
Division,                     *
        Respondent

## PETITIONER'S DECLARATION IN OPPOSITION TO THE RESPONDENTS MOTION TO DISMISS

Jose Angel Landeros declare under penalty of perjury:

1. I am the petitioner in the above-entitled case. I make this declaration in opposition to respondents motion to dismiss.

2. The respondents motion claim in summary that because the petitioner didnt file his application for a writ of habeas corpus within 1-year provided by the AEDPA, the petitioner writ should be dismissed.

3. The respondent is not entitled to a motion to dismiss because there are genuine issues of material fact to be resolved. These issues are identified in the accompanying Statement of Disputed Factual Issues filed by the petitioner. The facts are set out in this declaration.

4. On June 28, 1990, I was brought before the court, 197th Judicial District of Cameron County, Texas to enter a plea of guilty on the advise of my trial counsel.

5. Before making the decision to plead guilty, I explained several times to my attorney that although I killed the victim, it was done in self-defense because the victim had threaten to kill me and reached at his waistline for a gun, so I was forced to use deadly force.

6. I also explained this in the police report and explained that the only reason that there was no weapon found other than the murder weapon, was the fact that the victim was a gang member, and after he was shot, members of his gang was at the scene of crime and could have gotten read of the weapon

I said the victim had, only in order to throuogh the crime off on me.

7. However my counsel advised me that the state had evidence to prove different and that if I didnt plea guilty, the State would ask for a life sentence.

8. My attorney didnt file an motions for discovery to find potential evidence his only contentions that there was evidence to prove me guilty was by his only review of the district attorneys file.

9. Believing the advise of my counsel, I agreed to enter a plea of guilty, although I was still asserting self-defense.

10. After entering my plea of guilty, the trial court admonition me concerning my waiver of jury trial and consequences of my plea guilty. (Guilty Plea Proceeding RR pg 4-6)

11. The court accepted the defendants guilty Plea (TR. pg 7 Guilty Plea Proceedings) and agreed that the evidence in the record showed that I was guilty.

12. After accepting the guilty plea, the State then offer the Judges Exhibits 1 through 7 to substantiate the plea. (TR. pg 9, lin. 3 Guilty Plea Proceeding).

13. The defense counsel made no objections to the exhibit offered to substantiate my plea, when the exhibits were inadmissibe and could have been supressed. One of the statements was made by a minor and didnt give the statement with a lawery or adult, and the defense counsel didnt object to that.

14. The court then admitted the exhibits.

15. The trial counsel asked the court that after the court having accepted my plea of guilty he would like to address the court in terms of punishment. (TR. pg 9, ln. 12-25 Guilty Plea Proceeding).

16. The trial counsel advised the court that although I was pleading guilty, after having filed motion for discovery and discussing the case with the assistant district attorney, there was a possible defense of self-defense in the case. The trial counsel then pleaded to the court to consider sentencing me to 35 years in the state penitentiary as punishment. (TR.pg 10, ln 14-25).

17. The court after hearing the possible defense that I may not be guilty of murder because of the fact of self-defense, the trial court didn't withdraw the guilty plea. (TR.pg 11, ln. 17-25).

18. After the trial court found me guilty I was sentenced to 35 years punishment.

19. Had my attorney not mislead me to believe that the state was asking for a life sentence I wouldn't have plead guilty and asserted self-defense. Also my attorney should have never asserted self-defense, had me plea guilty and then asked the court to sentence me to 35 years which he believe was a fair punishment although the sentence was almost half the maximum punishment.

20. Failure of the court to review these facts would be a miscarriage of justice because of the poor performance by the trial counsel who asked the court to send his own client to prison although he believed his client was innocent by reason of self-defense.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. 1746.

Respectfully Submitted

_Jose Angel Landeros_
MR. Jose Angel Landeros
Pro Se Petitioner #556983
Smith Unit (TDCJ-ID)
1313 County Rd. 19
Lamesa, Tx 79331