IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 27 2001

Michael N. Milby
Clerk of Court

JOSE ANGEL LANDEROS,           *
           Petitioner

V.                              * Civil Action No. B-01-169

JANIE COCKRELL, DIRECTOR        *
TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,               *
INSTITUTIONAL DIVISION
           Respondent.          *

## BRIEF IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

### I.
### Statement of the Case

This is a Federal Writ of Habeas Corpus §2254 filed by a state prisoner of the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID) currently confined at the Smith Unit in Lamesa, Texas. Proceeding Pro se and in forma pauperis, Landeros initiated this writ application challenging his conviction and judg-

ment of the 197th District Court of Cameron County, Texas, in cause number 90-CR-346-L. <u>Ex parte Landeros</u> Application No. 48,550-01. Respondent's have filed a motion to dismiss, arguing that the court should dismiss Landeros' petition pursuant to the one-year statute of limitations contained in 28 U.S.C. § 2244(d).

## II.
## Statement of Facts

The petitioner's complaint alleges violation of federal law that rised to the level of a fundamental defect which inherently resulted in a complete miscarriage of justice, and a constitutional violation has resulted in the conviction of the petitioner who is actually innocent. The petitioner alleges that he was denied his Sixth Amendment right to effective assistance of counsel when defense counsel coreced him to plead guilty, advised his client to plead guilty although defense counsel advised the trial court that there was a possible defense of self-defense although defense advised his client to plead guilty. Also the petitioner alleges that although he didnt file a timely petition, an evidentuary hearing is necessary.

The respondent's motion doesn't address the issues presented in the petition writ of habeas corpus application, but ask this court to dismiss the petition on grounds that the complaint is barred under the one-year Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) deadline.

## ARGUMENT
### POINT I.

### THERE ARE GENUINE ISSUES OF MATERIAL FACT THAT PRECLUDE DISMISSAL PURSUANT TO 28 U.S.C. § 2244(d)

In deciding a motion to dismiss, the court must assume that all the facts the petitioner alleges are true and must construe the petitioner's factual allegations in the light most favorable to the non-movant. <u>Roth Steel Products v. Sharon Steel Corp</u>, 705 F.2d 134, 155 (6th Cir. 1982). The court must also consider the allegations in the petition and it should dismiss the petition only if "it appears beyond doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief."

The declaration of the petitioner and the records attached are clearly genuine issues of fact as to whether the one-year AEDPA deadline

should apply to a case where there has been a miscarriage of justice and there has been a Constitutional violation which resulted in a conviction of a petitioner who was actually innocent.

The factual dispute is also material. Under the governing law, whether a petitioner may obtain federal habeas review after missing the one-year deadline, depends on the petitioner demonstrating either (1) cause for his procedural default and actual prejudice as a result of the alleged violation of federal law, and (2) that the failure to review the claims will result in a fundamental miscarriage of miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 729-31 (1991).

In the present case, the petitioner alleges that he was denied his Sixth Amendment constitutional right to effective assistance when his attorney coreced him to plead guilty by misleading the petitioner to believe that there was a plea bargain, when in fact it was the opposite, a open plea of guilty and petitioner lawery didnt explain the difference. The petitioner alleges that his attorneys assistance fell so far below the objective reasonable standard when hes own lawery raised the the issue of self-defense and stated:" there is a possible

defense of self-defense in this case, and I feel that in light of the fact that we have entered a guilty. (MR. Garza RR. 10 ln. 14-25.) My plea to the court and what I ask the court to consider is for the court to consider 35 years in the state penitentiary as punishment in this case." (RR, 10 ln, 22-25). "After discussing all of the facts in this case and conferring with my client, we reached a conclusion that, you know, 35 years -- if the court would consider 35 years, that would be a fair punishment in this case.(RR. 16. ln. 1-5 Mr. Garza)." No reasonable criminal attorney could possibly believe that its sound mind strategy to allow his client to plea guilty in light of the fact that there is a possible defense of self defense and his client may be innocent. And no attorney can possibly say that there assistance was effective when they are aware that there's a defense of self-defense and the lawery has his client plead guilty and then the lawyer ask the court to consider his client's punishment to be 35 years, one half of the maximum punishment. Such assistance or services by an ~~lawery~~ Lawyer can only be construed

as the poorest assistance an attorney can offer, and a miscarriage of justice in a case where the accused is probably innocent. Accordingly, the Supreme Court in <u>Murray v. Carrier</u>, noted that where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default. Id. 106 S.Ct. 2639 (1986). And a constitutional violation resulting in a miscarriage of justice should be seen in this case, and this court should grant habeas relief, absence of a showing of cause for procedural default because there has been a conviction of the petitioner who is actually innocent base on self-defense, in light of the fact that he entered a plea of guilty which was coreosed by his trial ~~lawery~~, lawyer.

  The totality of counsel's errors and facts within the petitioner declaration are sufficient to find that counsel's performance failed to meet the standard of reasonably effective assistance of counsel and a constitutional violation has probably resulted in the conviction of one who is actually innocent and failure to grant review would be result in a miscarriage of justice.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Honorable Court sustain the contentions herein advanced, grant habeas review, and order a evidentiary hearing on the facts in this petition for writ of habeas corpus.

Respectfully submitted,

Jose Angel Landeros
Pro Se Petitioner
1313 Cantti Rd 19,
Lamesa, Tx 79331

# CERTIFICATE OF SERVICE

I, Jose Angel Landeros hereby declare that the foregoing Brief in Opposition to Respondents Motion to Dismiss is a true and correct copy has been served by placing same in the U.S. Mail on this 22nd day of December, 2001, addressed to:

Brooks Moore
Assistant Attorney General
P.O. Box 12548
Austin, Tx 78711-2548

Jose Angel Landeros
Jose Angel Landeros
Pro Se Petitioner
TDCJ-ID # 556983