//

United States District Court
Southern District of Texas
ENTERED

APR 1 0 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

JOSE ANGEL LANDEROS,  §
Petitioner,  §
  §
v.  §
  §     CIVIL ACTION NO. B-01-169
JANIE COCKRELL, DIRECTOR,  §
TEXAS DEPARTMENT OF CRIMINAL  §
JUSTICE, INSTITUTIONAL DIVISION,  §
Respondent.  §

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jose Angel Landeros (Petitioner) has filed a 28 U.S.C. §2254 petition for a writ of habeas corpus. Petitioner asserts seven grounds for relief: (1) his trial counsel was ineffective; (2) the plea bargain was obtained by the use of a coerced confession; (3) his arrest was illegal; (4) his right against self-incrimination was violated; (5) the prosecution failed to disclose evidence favorable to him; (6) his sentence was illegal; (7) the indictment in his case was defective. Because Petitioner's claims are time barred, the petition should be DENIED, and Respondent's Motion to Dismiss should be GRANTED.

## BACKGROUND

Petitioner Landeros is currently incarcerated at the Smith Unit in La Mesa, Texas, pursuant to judgment of the 197th District Court of Cameron County, Texas, in cause number 90-CR-346-C.[1] Landeros pleaded guilty to the felony offense of murder, and on June 28, 1990, the

---

[1] See Ex parte Landeros, Application No. 48,550-01 at 53.

1

court assessed punishment of thirty-five years imprisonment.[2]  Landeros failed to file a direct

appeal from his conviction.[3]  Petitioner, however, has filed two state applications for writ of

habeas corpus.  Landeros filed his first state writ application in the district court on December 28,

2000, and on March 14, 2001, the Texas Court of Criminal Appeals denied it without written

order.[4]  Petitioner then filed his second state writ application in the district court on June 5, 2001,

and on August 15, 2001, the Texas Court of Criminal Appeals dismissed it for abuse of the writ.[5]

Landeros is challenging the validity these holdings in the instant petition.[6]

ANALYSIS

Petitioner Landeros filed the instant federal petition for writ of habeas corpus on

September 13, 2001.  As such, his petition is subject to review under the Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA).[7]  The AEDPA provides a one-year limitation

period for filing federal habeas corpus petitions.  The provisions of 28 U.S.C. § 2254(d) set forth

four different scenarios that start the running of the one-year limitations period:

> (d)(1) A one-year period of limitation should apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a state court.  The limitation
> period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct

---

[2] Id. at 53.

[3] Id. at 35.

[4] See id. at cover, 1.

[5] See Ex parte Landeros, No. 48,550-02, at cover, 1.

[6] See Federal Writ Petition at 2.

[7] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record does not reflect that any unconstitutional "state action" impeded Landeros from filing for federal habeas corpus relief prior to the end of the limitations period.[8] In addition, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.[9] Furthermore, Landeros has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final.[10] Accordingly, the latest date (the date the limitations period should begin to run), is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[11] In this case, Landeros' conviction

---

[8] See 28 U.S.C. § 2244(d)(1)(B).

[9] See 28 U.S.C. § 2244(d)(1)(C).

[10] See 28 U.S.C. § 2244(d)(1)(D).

[11] See 28 U.S.C. § 2244(d)(1)(A).

3

became final when the time for filing a notice of appeal expired (thirty days after the sentence was imposed), on July 30, 1990.[12]

In cases similar to this one, where the petitioner's conviction became final prior to the enactment of the AEDPA, the Fifth Circuit has held that a petitioner must be given a reasonable time after the enactment of the AEDPA to proceed with federal litigation.[13]  According to the Fifth Circuit, a reasonable time is a one-year period to begin on April 24, 1996, the date of the enactment of the AEDPA.[14]  The Fifth Circuit has also held that the tolling provision contained in 28 U.S.C. § 2244(d)(2) applies to the reasonable time grace period.[15]  In this case, the one-year grace period began to run with the effective date of the AEDPA, on April 24, 1996, and it closed on April 24, 1997.  Landeros first and second state writ applications, not filed until December 28, 2000, and June 5, 2001, after the one-year period had expired, had no tolling effect.[16] Accordingly, Landeros' federal petition, filed no sooner than September 13, 2001, was over four years late.

In response to the government's motion for dismissal in this case, the Petitioner claims that he is actually innocent of the crime he was convicted of committing.  He further argues that his procedural default is excusable "when a violation of federal law rises to the level of a

---

[12] TEX. R. APP. P. 4.1(a); 26.2(a)(1).

[13] See United States v. Flores, 135 F.3d 1000, 1005 (5th Cir. 1998), cert. denied, 525 U.S. 1091, 119 S. Ct. 846 (1999); Flanagan v. Johnson, 154 F.3d 196, 200 (5th Cir. 1998).

[14] See Flores, 135 F.3d at 1006; Flanagan, 154 F.3d at 200.

[15] See Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998).

[16] See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000), cert. denied, 121 S. Ct. 1498 (2001).

fundamental defect which inherently results in a complete miscarriage of justice."[17]  However,

the Fifth Circuit has stated that a petitioner's claim of actual innocence does not constitute a "rare

and exceptional" circumstance, and therefore does not overcome his procedural default in filing a

§ 2254 claim.[18]  Therefore, this Court recommends a dismissal of Landeros' petition pursuant to

the one-year statute of limitations contained in 28 U.S.C. § 2244(d).

## RECOMMENDATION

For the reasons set forth above, Petitioner's 28 U.S.C. §2254 Petition for Habeas Corpus

Relief should be DENIED, and Respondent's Motion to Dismiss should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusion, and

recommendation in a magistrate judge's report and recommendation within 10 days after being

served with a copy shall bar that party, except upon the grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district

court, provided that the party has been served with notice that such consequences will result from

a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415, 1418 (5th

Cir. 1996).

DONE at Brownsville, Texas this _9th_ day of _April_, 2002.


Felix Recio
United States Magistrate Judge

---

[17] "Petitioner's Statement of Disputed Factual Issues," Doc. #10.

[18] See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ANGEL LANDEROS,<br>Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-01-169 |
| JANIE COCKRELL, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, INSTITUTIONAL DIVISION,<br>Respondent. | §<br>§<br>§<br>§ | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of April 8, 2002 be adopted. Furthermore,

Petitioner's 28 U.S.C. §2254 Petition is hereby DENIED, and

Respondent's Motion to Dismiss is hereby GRANTED.

DONE in Brownsville, Texas on this _____ day of _____, 2002.

_____
Hilda G. Tagle
United States District Judge

6