IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

Jose Angel Landeros, §
Petitioner Pro/se §
§ Civil Action No.
§ B-01-169
Vs §
Janie Cockrell, Director §
Texas Department Criminal
Justice - Institutional Division

United States District Court
Southern District of Texas
FILED

APR 25 2002

Michael N. Milby
Clerk of Court

PETITIONER'S DECLARATION IN OBJECTION TO MAGISTRATES REPORT AND RECOMMENDATION TO DISMISS 28 U.S.C. § 2254 PETITION FOR WRIT OF HABEAS CORPUS.

TO THE HONORABLE HILDA G. TAGLE UNITED STATES DISTRICT JUDGE:

Now comes Jose Angel Landeros who is the petitioner Pro/se in the above-entitled Civil Action No. B-01-169 and declares under penalty of perjury that the following Declaration in objection to the Magistrates Report and Recommendation to Respondent's Motion To Dismiss is True and Correct to the best of my knowledge.

The Respondent's motion claims in summary that because the petitioner did not file his 28 U.S.C. § 2254 Petitioner For Writ Of Habeas Corpus within 1-year provisions under the AEDPA limitations should be Dismissed as Time-Barred.

1. Habeas Corpus ad Subjiciendum. The Great Writ. The Writ of Habeas Corpus, by which the legal authority under which a person may be detained can be challenged is of immemorial antiquity. "Habeas Corpus Act", "Bill of Rights", A section or addendum, usu. in a Constitution, defining the situations in which a politically organized society will permit free, spontaneous, and individual activity and guaranteeing that government powers will not be used in certain ways; esp., the first ten amendments to the U.S. Constitution.

2. Whether the Petitioners procedural default in filing a Petition in Federal Court within the one-year AEDPA deadline raises to the level of a Fundamental defect which inherently results in a Complete Miscarriage of Justice.

3. The Superior Authority of the United States Constitution pursuant to the Fourteenth Amendment that provides, "No state 'shall' deprive any person of Life, Liberty, or Property without Due Process of Law, nor 'shall' it deny to any person within its jurisdiction the Equal Protection of the Law." (Emphasis Added

4. Power of the Writ

Respectfully Submitted

_Jose Angel Sanders_ #556983

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| Jose Angel Landeros, Petitioner Pro/se | § |
| V. | § Civil Action No. |
| Janie Cockrell, Director Texas Department of Criminal Justice - Institution Division Respondent | § B-01-169 § § |

## BRIEF IN SUPPORT FOR SUPPLEMENTAL OBJECTION TO THE MAGISTRATE'S REPORT AND RECOMMENDATION TO DISMISS

TO THE HONORABLE HILDA G. TAGLE UNITED STATES DISTRICT JUDGE:

Now Comes Jose Angel Landeros, Petitioner Pro/se Hereinafter, and Files this his Brief in Support For supplemental objection to the Magistrate's Report and Recommendation in the above entitled Civil Cause Number that was Filed on September 13, 2001, Petitioner humbly Request that this Honorable Court Grant the Relief Sought by Petitioner and in support thereof shows this Court the Following For its Review.

### STATEMENT OF THE CASE

Petitioner, is an inmate in the Custody of the Texas Department of Criminal Justice - Institutional Division (hereinafter Referred to the TDCJ-ID) Currently Confined at the Preston E. Smith Unit in La Mesa, Texas From the judgment of the 197th District Court of Cameron County, Texas in Cause Number 90-CR-346-C Ex parte Landeros, Application No. 48-550-01.

(1)

Petitioner pleaded guilty to the Felony offense of Murder on June 28, 1990 and the 197th District Court assessed punishment of (35) thirty-five years to TDCJ-ID. Petitioner has filed two state applications for Writ of Habeas Corpus challenging that conviction eventhough petitioner pleaded guilty. The Texas Court of Criminal Appeals denied the first without written order on March 14, 2001, the second was dismissed for Abuse of the Writ on August 15, 2001.

Petitioner then filed a 28 U.S.C. § 2254 Federal Writ of Habeas Corpus challenging the validity, arguing that the court should not have dismissed his application pursuant to the one-year statute of limitations as described in 28 U.S.C. § 2244(d), due to the petitioner being actually innocent of the crime he was convicted when District Attorney's office withheld vital information that was not presented at the prelimary stages that procedural default is excusable when a violation of Federal Law rises to the level of a fundamental defect which inherently results in a complete miscarrage of Justice and furthermore creates a Constitutional Violation.

## STATEMENTS OF FACTS

Petitioner objects to the Honorable Magistrate Judges Erroneous Report and Recommendation as to the Respondent Janie Cockrell (the Director of TDCJ-ID), by his Attorney, the Attorney General of Texas through their Assitant Attorney's have to cause petitioner irreparable injury and unjustice (emphasis added), to his 28 U.S.C. § 2254 in that their tactic's are to further delay Petitioner's chances at obtaining relief through this mechanism by using the power of his erormous staff of assitance at his disposal as such in this case. The Supreme Court has stated that this "Right of access" is found in the Due process clause and assures that no person will be denied the opportunity to present to the judiciary all equations concerning violation

(2)

of Fundamental Constitutional Right, See, "WOLFF; 418 U.S. at 579, 94 S.Ct. at 2986; see also Martinez 416 U.S. at 419, 94 S.Ct. at 1814, The Superior Authority of the United States Constitution pursuant to the Fourteenth Amendment that Provides: "No state 'shall' deprive any person of Life, Liberty, or Property without Due Process of Law, nor 'shall' it deny to any person within its jurisdiction the Equal Protection of the Law" (Emphasis Added). The Petitioner's Complaint alleges violation of Federal Law that Requires to the level of Fundamental defect which inherently Resulted in A Complete Miscarriage of justice and a Constitutional violation has Resulted in the Conviction of the petitioner ~~————————~~ who is Actually innocent. The petitioner alleges that he was denied his Sixth Amendment Right to Effective assistance of Counsel when his state Counsel Coerced him to plead guilty when Counsel advised his client, even though his defense Counsel deliberated with the District Attorney and the Trial Court that there was a definite possibility of Self-defense that he did not even attempt a strategy with his client. Also, the Petitioner alleges that although he didn't file a Timely Petition, an Evidentiary hearing is necessary due to the genuine issues involved. The Respondent's motion does not address the issues presented in Petitioner's Application of Writ of Habeas Corpus, only those of the provisions under the AEDPA one-year statute of limitations and humbly Requests that this Honorable Court Dismiss Respondents motion along with the Magistrates Report and Recommendation and Grant Petitioner Requested Relief that this Court deems just and proper.

(3)

# Argument
## Point I

The Anti-Terrorism Effective Death Penalty Act (AEDPA) was plain error for the Court to impose such Act which is a violation, See Felker 116 S.Ct. 2333 Footnote [2,3] quoting next we consider whether the Act suspends the Writ of Habeas Corpus in violation of Article 189 clause 2, of the Constitution of the United States Amendment, that this clause provides that "[T]he privileges of the Writ of Habeas Corpus shall not be suspended, unless when in case of Rebellion or Invasion the public safety may request it other than that it has to be obtained by an Act of Congress to dispose of the mighty Writ.

Also, such as cited in Re Marriage of Jones 983 S.W. 2d. 377 quoting, "If the statutory language is Unambiguous, Courts need not resort to rules of the Construction or extrinsic aids to construe it, but should give the statute it's common meaning."

Given the citing, statutes, Laws and actual appealing process of petitioner's application, the facts surrounding petitioner's claim it would be unjust and a "Fundamental Miscarriage of Justice" should petitioner's petition be dismissed as time-barred. Petitioner further contends that should his petition be dismissed without ruling on the actual merits of the claim, it would result in his continued deprivation of Liberty and furthermore violate his Constitutional Rights 6th and 14th U.S. Amendments where viciously violated, Bennett v. Artuz 199 F.3d. 116, AEDPA changed this by imposing a one-year limitations period on Habeas Corpus Petitions that begins to run from the lastest of several events including the date on which the challenged state judgement becomes final, See 28 U.S.C. § 2244(d)(1), AEDPA's one-year limitation period does not strictly apply to the

(4)

instant petition because applicant's conviction became final prior to AEDPA enactment, the Petitioner has been deprived of due process by the even correcting the AEDPA to his Habeas Corpus Petition and not allowing it to proceed, The Anti-Terrorism Effective Death Penalty Act of 1996, 28 U.S.C.A. § 2254 (d) (supp. 1999). The issue in this case is whether that new section of the statute resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state Court proceedings.

Under the bases of the legal system as we know it, A layman, is deprived of knowledge and opportunity to battle the Court system under the rules that where originally set for, to be defined by professional legal officials such as Lawyer's Judges and Legal Aid Assistance. Therefore, We look at the Criminal Law 1077; quote; "it is A Foundation that lends Us to Some of the most basic Rights given the Common Citizen by the Constitution." Those procedures are invalid where in Rich men, who appeals of right to enjoys benefit of Counsel examination into Records, Research of Law, Marchalling of Arguments of his behalf, while indegent persons, already burden by preliminary determination that his case is without merit is forced to shift for himself U.S.C.A. Const, Amend. 6th and 14th.

(5)

## ARGUMENT POINT II

There are Genuine issues of Material Fact that Preclude Dismissal Pursuant to 28 U.S.C. § 2244(d).

In deciding a motion to dismiss, the Court must assume that all the Facts the petitioner alleges are true and must construe the petitioner's Factual allegations in the Light Most Favorable to the nonmovant, Roth Steel Products v. Sharon Steel Corp. 705 F. 2d. 134, 155 (6th Cir. 1982). The Court must also Consider the allegations in the petition and it should dismiss the petition only if it appears beyond doubt that the petitioner can prove no set of Facts in support of his claim which would entitle him to Relief.

The declaration of the petitioner and the Records attached are clearly genuine issues of Fact as to whether the one-year AEDPA deadline should apply to a case where there has been a miscarriage of justice and there has been a Constitutional violation which Resulted in a conviction of a petitioner who was Actually innocent.

The Factual dispute is also material. Under the governing Law, whether a petitioner may obtain Federal Habeas Review after missing the one-year deadline, depends on the petitioner demonstrating either (1) Cause for his procedural default and Actual prejudice as a Result of the alleged Violation of Federal Law and (2) That the Failure to Review the claims will Result in a Fundamental Miscarriage of Miscarriage of justice, Coleman v. Thompson 501 U.S. 722. 729-31 (1991).

(6)

In the present case, the petitioner alleges that he was denied his Sixth Amendment Constitutional right to effective assistance when his attorney coerced him to plead guilty by misleading the petitioner to believe that there was a plea bargin, when in fact it was the opposite, a open plea of guilty and petitioner Lawyer didn't explain the difference. The petitioner alleges that his attorneys assistance fell so far below the objective reasonable standard when his own lawyer raised the, the issue of self-defense and stated: "There is a possible defense of self-defense in this case, and I feel that in light of the fact that we have entered a guilty plea. (MR. GARZA RR. 10 ln. 14-25) My plea to the court and what I ask the court to consider is for the court to consider 35 years in the state penitentiary as punishment in this case," (RR. 10 ln. 22-25). "After discussing all of the facts in this case and conferring with my client, we reached a conclusion that, you know 35 years that would be a **Fair** punishment in this case. (RR. 16. ln. 1-5 MR. GARZA)." No reasonable criminal attorney could possibly believe that its sound mind strategy to allow his client to plea guilty in light of the fact that there is a possible defense of self-defense and his client may be innocent. And no attorney can possibly say that there assistance was effective when they are aware that there's a defense of self-defense and the lawyer has his client plead guilty and then the lawyer ask the court to consider his client's punishment to be 35 years half of the maximum punishment, such assistance or service by an lawyer can only be construed as the poorest assistance an attorney can offer, and a miscarrage of justice in a case

(9)

Where the Accused is probably innocent. Accordingly the Supreme Court in <u>Murray V. Carrier</u>, noted that where a Constitutional Violation has probably Resulted in the Conviction of One who is actually innocent, a Federal Habeas Court, May Grant the writ even in the Absence of a showing of Cause For the procedural default. Id. 106 S. Ct. 2639 (1986). And A Constitutional Violation Resulting in a Miscarrage of Justice should be seen in this case, and this Court should Grant Habeas Relief, Absence of a showing of Cause For procedural default because there has been a Conviction of the petitioner who is Actually innocent base on Self-defense, in light of the Fact that He entered a plea of guilty which was Coerced by his lawyer.

    The Totality of Counsel's errors and Facts within the petitioner declaration are sufficient to Find that Counsel's performance Failed to meet the standard of Reasonably effective assistance of Counsel and a Constitutional Violation has probably Resulted in the Conviction of One who is Actually Innocent and Failure to Grant Review would be Result in a Miscarrage of Justice.

    Petitioner humbly prays that this Supplemental objection to the Magistrate's Report and Recommendation should "Not Be Dismissed." In that petitioner has clearly demonstrated A Prima Facie Case and A Colorful claim that have Arguable Constitutional merit. Anders V. California 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d. 493 (1967). Furthermore, the Court in Spears V. McCotter, 766 F. 2d. 179, 181, specifically Held:

(8)

"To determine whether a complaint is Frivolos Under 28 U.S.C. Section 1915(d)2, the Court must inquire whether there an Arguable Factual and legal basis of Constitutional Dimension, For the asserted wrong, Watson v. Ault, 525 F. 2d 886, 892 (5th Cir 1976).

This inquiry perFore involved Focusing precisely on a prisoner's Factual allegations puncturing the Conclusions ballon on in which they may at First be lodge.

## Prayer For Relief

WhereFore premises Considered, Petitioner prays that this Honorable Court pursuant to 28 U.S.C. Section 636 (b), (1), (c). will Reject the magistrate's Report and Recommendation, and will make a DeNovo determination. Furthermore that this Honorable Court Order an Evidentiary Hearing on the Facts in this his Petition For Writ of Habeas Corpus Relief and RespectFully Prays that this Court Sustain the Contentions herein Advanced and modify the magistrate's Erroneous Findings, Because Respondent's Claim are in Conflict with the Superior Authority oF the Texas Const. Amend. and the U.S. Const. Amend.

That Petitioner be Granted All other Relief that this Honorable Court Deems just and proper. Carey v. Piphus, 98 S.Ct. 1042, 1047-1049

Respectfully Submitted

Jose Angel Landeros #556983
Petitioner Pro Se

Jose Angel Landeros
TDCJ-ID #556983
Preston E. Smith Unit
1313 County Rd 19
La Mesa, Texas 79331-1898

(9)

# CERTIFICATE OF SERVICE

I Jose Angel Landeros, Petitioner Pro/se hereby declare Under penalty of perjury that the Foregoing Brief In support For Supplemental objection To the Magistrate's Report and Recommendation To Dismiss is true and correct to the best of my knowledge and has been placed in the U.S. Mail First class, Postage Prepaid to United States District Court For the Southern District of Texas, 600 E. HARRISON Street. Room 101, Brownsville, Texas 78520, Executed on this ___22___ day of ___April___ 2002.

cc:

Brooks Moore
Assitant Attorney General
P.O. Box 12548
Austin, Texas 78711-2548

Respectfully Submitted

_Jose Angel Landeros_ #556983
Petitioner Pro/se

Jose Angel Landeros
TDCJ-ID #556983
Preston E. Smith Unit
1313 County Rd 19
La Mesa, Texas 79331-1898

(10)