UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 17 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JOSE ANGEL LANDEROS,<br>Petitioner,<br><br>v.<br><br>JANIE COCKRELL, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, INSTITUTIONAL DIVISION,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>CIVIL ACTION NO. B-01-169 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner Jose Angel Landeros Application for a Certificate of Appealability (Doc. 18) and his Application to Proceed (presumably on appeal) in Forma Pauperis (Doc. # 19). Landeros' Application to Proceed in Forma Pauperis (Doc. # 19) should be GRANTED, and his Application for a Certificate of Appealability (Doc. # 18) should be DENIED.

## BACKGROUND

Petitioner Landeros is currently incarcerated at the Smith Unit in La Mesa, Texas, pursuant to judgment of the 197th District Court of Cameron County, Texas, in cause number 90-CR-346-C.[1] Landeros pleaded guilty to the felony offense of murder, and on June 28, 1990, the court assessed punishment of thirty-five years imprisonment.[2] Landeros failed to file a direct appeal from his conviction.[3] Petitioner, however, has filed two state applications for writ of

---

[1] See Ex parte Landeros, Application No. 48,550-01 at 53.

[2] Id. at 53.

[3] Id. at 35.

habeas corpus. Landeros filed his first state writ application in the district court on December 28, 2000, and on March 14, 2001, the Texas Court of Criminal Appeals denied it without written order.[4] Petitioner then filed his second state writ application in the district court on June 5, 2001, and on August 15, 2001, the Texas Court of Criminal Appeals dismissed it for abuse of the writ.[5]

Petitioner filed a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 17, 2001. The district court signed an order denying Petitioner Landeros' writ on June 3, 2002. Petitioner now applies for a certificate of appealability.

## ANALYSIS

The AEDPA converted the "certificate of probable cause" that was required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a Certificate of Appealability ("CoA").[6] The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed after the effective date of the AEDPA.[7] Under the AEDPA, to appeal the denial of a habeas corpus petition filed under Section 2254, a petitioner must obtain a CoA.[8] Under the AEDPA,

---

[4] See id. at cover, 1.

[5] See Ex parte Landeros, No. 48,550-02, at cover, 1.

[6] See Hill v. Johnson, 114 F.3d 78, 80 (5th Cir. 1997), (recognizing that the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); and Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997) (holding that the standard for obtaining a CoA is the same as for a CPC).

[7] See Robison v. Johnson, 151 F.3d 256, 259 n.2 (5th Cir. 1998), cert. denied, 526 U.S. 1100 (1999); and Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997), cert. denied sub nom. Monroe v. Johnson, 523 U.S. 1041 (1998).

[8] See Rudd v. Johnson, 256 F.3d 317, 319 (5th Cir. 2001), cert. denied, 122 S.Ct. 477 (2001); Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d 232, 236 (5th Cir. 2000), cert. denied, 530 U.S. 1286 (2000); Lamb v. Johnson, 179 F.3d 352, 356 (5th Cir. 1999), cert. denied, 528 U.S. 1013 (1999); and 28 U.S.C. §2253(c)(2).

appellate review of a habeas petition is limited to the issues on which a certificate of appealability ["CoA"] is granted.[9] A CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone.[10]

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right.[11] To make such a showing, the petitioner need not show that he should prevail on the merits, but rather must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.[12] This Court is authorized to address the propriety of granting a CoA *sua sponte*.[13]

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. If this Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claim to be debatable or wrong.[14] In a case in

---

[9] See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997), (holding that the scope of appellate review of denial of habeas petition limited to issue on which CoA granted); and Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997), (holding that CoA necessary to appeal denial of habeas petition).

[10] See Lackey v. Johnson, 116 F.3d at 151; Hill v. Johnson, 114 F.3d at 80; Muniz v. Johnson, 114 F.3d at 45; Murphy v. Johnson, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).

[11] See Slack v. McDaniel, 529 U.S. 473, 483, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983); Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d at 236; Miller v. Johnson, 200 F.3d 274, 280 (5th Cir. 2000), cert. denied, 531 U.S. 849 (2000); Hicks v. Johnson, 186 F.3d 634, 636 (5th Cir. 1999), cert. denied, 528 U.S. 1132 (2000).

[12] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; Barefoot v. Estelle, 463 U.S. at 893 n.4, 103 S.Ct. at 3394 n.4; Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d at 896; Soria v. Johnson, 207 F.3d at 236-37; Miller v. Johnson, 200 F.3d at 280; and Hicks v. Johnson, 186 F.3d at 636.

[13] Alexander v. Johnson, 211 F.3d at 898.

[14] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; and Rudd v. Johnson, 256 F.3d at 319.

which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> whether this Court was correct in its procedural ruling.[15]

Although Petitioner Landeros gives a thorough and detailed analysis of the authority of district judges to issue certificates of appealability, he can not make a substantial showing of a denial of a constitutional right. Further, Petitioner Landeros can not show that the issues are debatable amongst reasonable jurists. He also can not prove that another court would have resolved any of the issues he raised in his § 2255 petition differently. Landeros makes an argument that his counsel was ineffective during his guilty plea, but his claims do not rise to a constitutional level. Therefore, these proceedings should not proceed and Petitioner Landeros' Application for a Certificate of Appealability should be DENIED.

## RECOMMENDATION

For the reasons set forth above, Petitioner's Application for a Certificate of Appealability should be DENIED, and Petitioner's Application to Proceed in Forma Pauperis should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being

---

[15] <u>Slack v. McDaniel</u>, 529 U.S. at 484, 120 S.Ct. at 1604 (holding that when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[16]

DONE at Brownsville, Texas this 16th day of July, 2002.

*Felix Recio*
Felix Recio
United States Magistrate Judge

---

[16] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415, 1418 (5th Cir. 1996).